IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT § | |
| OF TRAWLER SHRIMP TEXAS 18, INC., § | |
| OWNER OF THE FISHING VESSEL § | CIVIL ACTION NO. G-07-557 |
| "TEXAS 18" AND EDWARD GARCIA, SR.,§ | |
| FOR EXONERATION FROM § | |
| LIMITATION OF LIABILITY § | |

## OPINION AND ORDER

Before the Court by referral from the Honorable Ewing Werlein, United States District Judge, is the "Motion to Compel Payment of Maintenance and Cure Benefits" of Claimants, Jose Hurtado, Rene Boeza and Juan Ortiz, filed in this limitation of liability action initiated by Petitioners TRAWLER SHRIMP TEXAS 18, INC, and Edward Garcia, Jr.. Having considered the Motion and heard arguments of counsel, the Court now issues this Opinion and Order.

In support of their Motion the Claimants allege that they suffered severe injuries when, as crew members, they were forced to abandon the TEXAS 18 due to a fire onboard the vessel. Conversely, Petitioners allege that none of the Claimants was injured while in service of the TEXAS 18. The burden, therefore, is on each Claimant "to offer 'convincing proof of causal connection' between the alleged injury and his service on the ship." Nelsen v. Research Corp. of Univ. of Hawaii, 805 F.Supp. 837, 853 (D. Hawaii 1992), quoting Brahms v. Moore-McCormack Lines, Inc., 133 F.Supp. 283, 286 (S.D. N.Y. 1955)   Petitioners correctly assert that they are entitled to a reasonable amount of time to investigate the legitimacy of the claims. Guevara v. Maritime Overseas Corp., 34 F.3d 1279, 1282 (5th Cir. 1994)

Because the disputed issue of the Claimants' entitlement to maintenance and cure will require a trial, or at least an evidentiary hearing, it is the opinion of this Court that the Parties must be afforded an opportunity to conduct adequate discovery for that purpose. It is the further opinion of this Court that given the nature of maintenance and cure and because the maintenance and cure claims are exempt from the limitation of liability rules in admiralty, In re RJF Intern. Corp. for Exoneration, 354 F.3d 104, 107 (1st Cir. 2003) citing Brister v. AWI, Inc., 946 F.2d 350, 360-61 (5th Cir. 1994), this necessary discovery should be conducted on a expedited basis. The Court offers no opinion on whether the ultimate need for a trial or evidentiary hearing on the maintenance and cure issues will necessitate lifting the stay imposed on the Claimants' state court litigation.

For the foregoing reasons it is **ORDERED** that the Parties **SHALL** complete the discovery needed to litigate the issue of each Claimant's entitlement to maintenance and cure by **April 18, 2008**.

It is further **ORDERED** that the Parties **SHALL** make the disclosures and conduct the conference required by Rule 26 of the Federal Rules of Civil Procedure **on or before March 7, 2008**.

In light of the foregoing Orders, the "Motion to Compel Payment of Maintenance and Cure Benefits" (Instrument no. 14) of Claimants is **DENIED**.

**DONE** at Galveston, Texas, this \_\_\_\_\_25th\_\_\_\_\_ day of February, 2008.

_John R. Froeschner_
John R. Froeschner
United States Magistrate Judge